UNITED STATES of America

v.

IONIA MANAGEMENT S.A., et al.

No. 3:07cr134 (JBA).

United States District Court, D. Connecticut.

Aug. 15, 2007.

---

George M. Chalos, Chalos, O'Connor & Duffy, LLP, Port Washington, NY, Patrick F. Lennon, Lennon Murphy & Lennon, Southport, CT, for Ionia Management S.A.

Brian E. Spears, Levett Rockwood, Westport, CT, for Edgardo Mercurio.

Anthony E. Kaplan, John H. Durham, William M. Brown, Jr., U.S. Attorney's Office, New Haven, CT, for United States of America.

## RULING ON DEFENDANT'S RENEWED MOTION FOR CONTINUANCE OF TRIAL AND THIRD MOTION FOR A CONTINUANCE OF THE TRIAL DATE [DOCS. # 93, 109]

JANET BOND ARTERTON, District Judge.

Defendant Ionia's initial request for a continuance having been denied and Magistrate Judge Fitzsimmons having since denied Ionia's motions concerning deeming certain individuals material witnesses and ordering the parties to conduct Rule 15 depositions of certain witnesses, Ionia's Renewed Motion for Continuance [Doc. # 93] remains pending and Ionia has now filed its Third motion for a Continuance of the Trial Date [Doc. # 109]. In this last Motion, Ionia points to its "recent" receipt of 10,000 pages of discovery from the Government, an ineffective assistance of counsel issue it claims is implicated by Magistrate Judge Fitzsimmons' Ruling, and the purported desire and intent of the Government to keep eight Kriton crew members currently residing in Connecticut here beyond August 31, 2007, the date on which the surety agreement between Ionia and the Government expires and until which the eight individuals have agreed to stay here. For the reasons that follow, Ionia's Motions will be denied.

### I. 10,000 Pages of Discovery Documents

■ Ionia contends that on August 1, 2007 its counsel received nearly 10,000 pages of discovery documents from counsel for the Government and claims that "[t]he Government's production of such a massive 'hay stack' of paper on the eve of trial is manifestly unjust, has deprived defense counsel of a full and fair opportunity to adequately examine the relevant law and facts at issue, and will serve to deprive the defendant of a fair trial." Def. Third Mot. [Doc. # 109] at 3.

However, as memorialized in the Court's Ruling on Defendant's Pre–Trial Motions [Doc. # 75], these materials have been available to defense counsel, in keeping with the United States Attorneys' "open file" policy, since long before August 1. Defense counsel had the opportunity to review and make copies of this information prior to August 1, and Attorney Chalos explained at the July 13 and July 26 conferences that he and/or his associates had already reviewed the file and had requested copies thereof. *See* Rul. on Pre–Trial

Mot. at 25. As also documented in the Court's Ruling, it was agreed that those copies would be provided to defense counsel no later than August 1, 2007. Accordingly, neither the quantity of discovery documents nor the date on which defense counsel received them can properly be characterized as unanticipated by defense counsel; indeed, it was defense counsel who *requested* that the Government make copies of all of the materials in its file, which file defense counsel had already reviewed.[1]

Accordingly, Ionia cannot claim prejudice stemming from this disclosure sufficient to justify a delay in the trial date, which date has been set since the Court's June 28, 2007 Scheduling Order [Doc. # 14], and the necessity of which Ionia has been aware given that the surety agreement between Ionia and the Government, which concerns the continued presence in Connecticut of the 8 Kriton crew members who will testify at trial, is due to expire on August 31, 2007.

## II. Ineffective Assistance of Counsel

■ Next, Ionia claims that Magistrate Judge Fitzsimmons' finding that Ionia did not make a good faith effort to secure the testimony of three foreign nationals at trial because it failed to contact them with sufficient time to either secure their presence or to facilitate their deposition without a delay in trial schedule implicates ineffective assistance of counsel issues and that "[u]nder the circumstances, Ionia must be fully apprised of the situation and afforded a full and fair opportunity to take independent advice as to the potential ineffective assistance of counsel raised in [the· Magistrate Judge's] Ruling." Def. Third Mot. at 4.

However, although defendant characterizes the Magistrate Judge's finding as one that Ionia's counsel "dragged its heels," the Magistrate Judge did not say that. Indeed, she did not indicate whether the delay in contacting the potential witnesses stemmed from defense counsel or Ionia itself.[2] Moreover, even though the Magistrate Judge discussed this perceived delay in her Ruling, it was the lack of materiality of testimony that these three witnesses would offer that was dispositive in both the Magistrate Judge's Ruling and this Court's consideration of defendant's Objection thereto. Accordingly, this issue does not form a basis for delaying the trial.

## III. Eight Crew Members Currently Residing in Connecticut

■ Lastly, defendant claims that due to the investigation and prosecution of Chief Engineer Renieris, the Government will seek to extend the stay of the eight crew members currently residing in Connecticut beyond the expiration of the surety agreement between Ionia and the Government on August 31, 2007, and that because the anticipated departure of these witnesses from the United States was a basis for maintaining the August trial

---

1. Moreover, as to Ionia's characterization of the discovery as a "hay stack" of paper, pursuant to the District's Standing Order on Discovery for criminal cases, subsection (E), each party must designate and mark their exhibits at least 10 days prior to trial; the Court presumes that such identification will serve to narrow defense counsel's focus as it continues its review of the 10,000 pages of documents.

2. As the Government observes, Magistrate Judge Fitzsimmons also stated "[i]t was the *defendant's* responsibility to provide adequate resources to prepare its defense, including assistance for counsel where necessary." 8/8/07 Ruling [Doc. # 107] at 24–25 (emphasis added).

date, there is now reason to grant Ionia's request for continuance.

The Court, however, is unaware of any such request or intention on the part of the Government, and the Government represents that it is in negotiations to resolve the charges against Renieris. On the record before it, it is the Court's understanding that the surety agreement between Ionia and the Government will expire on August 31, 2007, that as of that date the eight crew members currently in Connecticut will accordingly no longer be receiving room and board or wages from Ionia, and that these individuals therefore intend to leave the United States on that date and return to their home countries. There is thus every reason to ensure conclusion of Ionia's trial before that date and Ionia's speculation that the Government may seek to extend their stay here, where the charges against Renieris may well be resolved before that day, is insufficient to warrant any continuance of the trial date.

## IV. Conclusion

For the foregoing reasons, Ionia's Motions for Continuance [Docs. # 93, 109] are DENIED. Jury selection will commence August 21, 2007, as previously scheduled, with trial to commence immediately thereafter.

IT IS SO ORDERED.